Macomber, J.
The learned counsel for the appellant states in his printed points that- the appeal papers do not show any facts giving the court of common pleas jurisdiction to make the order complained of. Technically, this is true; but this court must take judicial notice of its own orders of a public nature, and doing so we cannot overlook the past, that on account of the absence of the surrogate we did under Sections 3487-2488, of the Code of Civil Procedure make an order for the court of common pleas to appear and decide this, among other cases pending in the surrogates court.
Had the appellant, as administrator of the estate, paid out the moneys coming into his hands in good faith and without knowledge of the existence of the will, which was subsequently probated, the question before us would be materially different. But it is shown that he had personal knowledge-of the existence of the last will and testament of Louis A. Nesmith, and without calling in the aid of any court, he took upon himself to pronounce the will null and void, and thereby incurred the hazards of administering the estate as. though the deceased had died intestate.
The legacy being due the respondent by the terms of the. will, and there being no part of the estate remaining undistributed, the respondent would be remediless, except for the doubtful right of bringing an action against the persons among whom the appellant had distributed the proceeds of the estate, unless the court had power to make this order.
The item of costs was also properly included in the order of the common pleas. It was a mere incident in the general proceeding. The order should be affirmed, with ten dollars costs and disbursements.
Van Brunt, P. J., and Bartlett, J., concur.